◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES TUNSTALL, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Richmond County (Di Vernieri, J.), rendered July 18, 1980, convicting him of rape in the first degree, sodomy in the first degree (two counts), robbery in the second degree, and grand larceny in the third degree, upon a jury verdict, and imposing sentence. Judgment reversed, on the law, and new trial ordered. One of the complainants was hypnotized before trial in an effort to elicit further identifying details of her attackers. At trial the court excluded testimony concerning the hypnosis itself but permitted the witness to describe her attackers, as well as to identify defendant in court. Subsequently, the Court of Appeals ruled in *People v Hughes* (59 NY2d 523), that a witness may only testify to the extent of her prehypnotic recollection. Since the complainant's testimony at bar included posthypnotic recall a new trial is required. Prior to trial the court should conduct a hearing to determine "the extent of the

witness's prehypnotic recollection (which would establish the boundaries of admissible testimony) and whether the hypnosis was so impermissibly suggestive as to require exclusion of in-court testimony with respect to such prehypnotic recollection" (*People v Hughes, supra,* p 546). Defendant's further contention that the trial court erred in admitting videotapes of lineups in which he was identified is without merit. The use of videotape provides an effective tool for assessing the weight and credibility to be assigned by the fact finder to the identifying witness' testimony. Unlike photo array identifications videotapes can accurately depict the makeup of a lineup without imputing prior involvement with the law (cf. *People v Giffin,* 29 NY2d 91; *People v Caserta,* 19 NY2d 18, 21). Bolstering is also minimal. Since the identifying witness' credibility is the only one under scrutiny, videotaped lineups avoid the possibility that the credibility of third parties will be used to strengthen a questionable identification (cf. *People v Caserta, supra,* p 21). If a witness' credibility is enhanced, it is only because of the fairness of the lineup. Gibbons, J. P., Thompson, Niehoff and Rubin, JJ., concur.