■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEROME JACOBI, Appellant.—Judgment of Supreme Court, Bronx County (Howard Silverman, J., at hearing; Phyllis Skloot Bamberger, J., at trial and sentence), rendered on September 8, 1988, convicting defendant, after a jury trial, of two counts of robbery in the first degree (Penal Law § 160.15) and one count of criminal possession of a weapon in the fourth degree (Penal Law § 265.01) and sentencing him to two terms of 4 to 12 years' imprisonment and one term of six months to run concurrently, is unanimously affirmed.

The defendant robbed a store manager and a customer at knifepoint in a well-lit shop. In a lineup, defendant was viewed by one of the complainants and identified. Defendant argues that evidence of the lineup should have been suppressed because he was the only participant who had hazel eyes and stringy hair. A lineup will be suppressed if it creates a substantial likelihood of misidentification *(Manson v Brathwaite,* 432 US 98, 116). The hearing court found that the fillers were of similar body build and age. Although defendant alleges he was the only one with hazel eyes there was nothing about him that made him stand out from the rest.

In any event there was an independent source for the identification. Complainants had an ample opportunity to view defendant at close range for three to four minutes during the crime under well-lit conditions. *(People v Casanova,* 124 AD2d 813.)

Defendant's argument that his motion for a mistrial should have been granted on the grounds that the jury heard evidence of a possible pretrial photographic identification and of pattern crimes when the police officer testified he was assigned cases that matched up to a pattern is without merit.

The decision to grant or deny a mistrial is within the discretion of the trial court. *(People v Ortiz,* 54 NY2d 288.) The trial court gave sufficient curative instructions to dispel any prejudice. *(People v Rodriguez-Alvarez,* 156 AD2d 733; *People v Blasich,* 73 NY2d 673, 682.)

Defendant's claims of improper bolstering are not preserved for appellate review. Even were we to reach the issue on the merits it would constitute harmless error in view of the overwhelming evidence against defendant. *(People v Johnson,* 57 NY2d 969; *People v Crimmins,* 36 NY2d 230.)

We are unpersuaded that the sentence imposed was unduly harsh or severe. Taking into account "among other things, the crime charged, the particular circumstances of the individual before the court and the purpose of a penal sanction", and the defendant's prior criminal record, we perceive no abuse of discretion warranting a reduction in sentence. *(People v Farrar,* 52 NY2d 302, 305.) Concur—Murphy, P. J., Kupferman, Ross, Asch and Rubin, JJ.