■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY VIRUET, Appellant.—Judgment of the Supreme Court, Bronx County (Frank Diaz, J., at identification hearing; Frank Torres, J., at trial), rendered April 28, 1989, after trial by jury, convicting defendant of robbery in the first degree and sentencing him to a term of 7½ to 15 years' imprisonment, is unanimously affirmed.

Criminal Term did not err in admitting into evidence a photograph of the lineup identification made by the complainant. A photograph of a lineup does not impute prior involvement with the law but rather gives the jury "an effective tool for assessing the weight and credibility" of complainant's testimony *(People v Tunstall,* 97 AD2d 523, 524, *mod on other grounds* 63 NY2d 1, 10). While defendant contends that the testimony by Officer Swain describing the procedures taken to ensure the reliability of the lineup constitutes improper bolstering of complainant's identification, defendant did not object to this testimony and therefore, failed to preserve any alleged error for appellate review. *(See, People v West,* 56 NY2d 662, 663.)

Defendant also asserts that Criminal Term erred in refusing to grant a mistrial after the arresting officer mentioned the complainant was shown photographs from books, and that when the officer testified later, as a result of a conversation with the complainant, he determined defendant was the focus of his investigation, additional "bolstering" occurred. In denying the application for a mistrial, the Trial Court noted that

the District Attorney waved his hand at the witness stopping this testimony without anything prejudicial to defendant being elicited. Further, defendant did not make any objection to the subsequent testimony of the witness about his actions after a further conversation with complainant. Consequently, defendant did not preserve this claim for review.

We find moreover that the fleeting reference to complainant having seen "photographs" without mention of what the photographs were and the later testimony that defendant was the focus of his investigation after a conversation with complainant, even if bolstering, must be deemed harmless in view of the overwhelming evidence of defendant's guilt. (See, People v Jacobi, 159 AD2d 308, 309.)

We have examined defendant's remaining contentions and find them to be without merit. Concur—Milonas, J. P., Wallach, Asch, Kassal and Smith, JJ.