■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JERRY SANDERS, Appellant.—Judgment, Supreme Court, New York County (Jeffrey Atlas, J., at hearing; Clifford Scott, J., at

trial and sentence), rendered June 15, 1989, convicting defendant, after a jury trial, of murder in the second degree and attempted robbery in the first degree, and sentencing him to concurrent, indeterminate prison terms of 25 years to life for the murder count and 5 to 15 years for the attempted robbery count, unanimously affirmed.

Viewing the evidence in a light most favorable to the People *(see, People v Malizia,* 62 NY2d 755, *cert denied* 469 US 932), and giving due deference to the jury's findings of credibility *(see, People v Bleakley,* 69 NY2d 490), we find that the defendant's guilt was proven beyond a reasonable doubt by overwhelming evidence.

The trial court properly received into evidence a copy of the lineup form to clarify confusing testimony as to whether the lineup witness had selected the third person from the left or the third person from the right. Under the circumstances, the lineup form gave the jury an effective tool for assessing the weight and credibility of the identification testimony *(People v Viruet,* 171 AD2d 490). This document does not constitute improper bolstering of the identification testimony, since it does not amount to another witness testifying to the fact of a complainant's out-of-court identification of the defendant *(compare, People v Bonnet,* 134 AD2d 436, *lv denied* 70 NY2d 953).

The defendant's arguments with respect to the trial court's charge on intent and note-taking by the jury are unpreserved for appellate review, since the defendant failed to raise any objection at trial (CPL 470.05 [2]), and we decline to consider them in the interest of justice.

We have reviewed the defendant's remaining arguments, including those raised in the defendant's *pro se* supplemental brief, and find them to be without merit as well. Concur— Carro, J. P., Milonas, Ellerin and Rubin, JJ.