■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAY LABANCA, Appellant. [605 NYS2d 42] —Judgment, Supreme Court, Bronx County (Edward M. Davidowitz, J.), rendered June 6, 1991, which convicted defendant, after a jury trial, of robbery in the first degree and robbery in the second degree, and sentenced him to concurrent terms of imprisonment of 11 to 22 years and 7½ to 15 years, respectively, unanimously affirmed.

Contrary to defendant's assertion, the victims' testimony established that an object resembling a rifle was displayed and thus the conviction was supported by sufficient evidence. *(People v Baskerville,* 60 NY2d 374, 381; *People v Lester,* 163 AD2d 201, *lv denied* 76 NY2d 988.) Defendant also claims that his motion for a mistrial should have been granted since one of the victims testified on three occasions that he had been shown a photograph by a detective investigating the case. Defendant claims that this testimony, when taken together with testimony from a police witness that as a result of his investigation, defendant became a suspect, and that the officer checked defendant's record, requires reversal. Defendant did not object to this testimony, and hence that portion of the claim is unpreserved for review. In any event, reversal is not warranted. There was no testimony that the photograph shown to the victim was that of defendant *(People v Viruet,* 171 AD2d 490, *lv denied* 77 NY2d 1002) and it is notable that defense counsel elicited the statement from the witness on two of the three occasions. *(Cf., People v Blanchard,* 83 AD2d 905, 906.) Moreover, while the detective's statements should not have been admitted, the reference to defendant's record was brief, and the detective was not permitted to elaborate *(People v Viruet, supra).* In light of the victim's strong identification of defendant *(supra)* the error, in any event, was harmless.

We have reviewed defendant's remaining claims and find them to be without merit. Concur—Ellerin, J. P., Wallach, Kupferman and Rubin, JJ.