■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAMON JIMINEZ, Appellant. [805 NYS2d 2]—

Judgment, Supreme Court, Bronx County (Daniel Sullivan, J.), rendered September 16, 1997, convicting defendant, after a jury trial, of murder in the second degree, and sentencing him to a term of 25 years to life, unanimously affirmed.

The photograph of the lineup identification did not improperly bolster the complainant's in-court identification, and was properly admitted as "an effective tool for assessing the weight and credibility" of the complainant's testimony (*People v Cross*, 197 AD2d 488 [1993], *lv denied* 82 NY2d 923 [1994]). Admission of the photograph was particularly appropriate here given that defendant had a distinctive tattoo under his left eye and the police arranged for all of the fillers and defendant to wear a band-aid under their left eye. Thus, the photograph provided additional proof that the identification was not based on defendant's distinctive tattoo. That is not to say, of course, that if the identification had been based in part on the tattoo it would have been less reliable. Defendant's claim that the court improperly permitted the detective to testify "as to the objectivity of the lineups" is unpreserved and we decline to review it in the interest of justice (CPL 470.05 [2]). Were we to review, we would find that the detective's testimony on the subject concerned only the procedure in setting up the lineup, not the complainant's out-of-court identification, and was therefore appropriate (*see People v Munoz*, 223 AD2d 370 [1996], *lv denied* 88 NY2d 990 [1996]; *People v Sanders*, 173 AD2d 391 [1991], *lv denied* 78 NY2d 1014 [1991]). Also unpreserved for failure to object are defendant's claims with respect to the prosecutor's comments. Were we to review, we would find that the prosecutor's comments were largely in direct response to defense counsel's comments, had either ample or at least some support in the record and did not in any event unduly prejudice defendant (*see People v Overlee*, 236 AD2d 133 [1997], *lv denied* 91 NY2d 976 [1998]). Defendant's sentence is not "grossly disproportionate to the severity of the crime" (*Rummel v Estelle*, 445 US 263, 271 [1980]; *People v Broadie*, 37 NY2d 100, 110-111 [1975], *cert denied* 423 US 950 [1975]), and we perceive no basis for reducing it. Concur—Tom, J.P., Mazzarelli, Friedman, Catterson and McGuire, JJ.