■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DWIGHT GADDY and WALTER GORDON, Appellants.—Appeals by defendants from two judgments (one as to each of them) of the Supreme Court, Kings County (DeLury, J.), both rendered March 16, 1981, convicting each of them of robbery in the first degree (two counts), upon jury verdicts, and imposing sentences. The appeals bring up for review the denials, after a hearing, of defendants' motions to suppress identification testimony. By order dated December 5, 1983, the appeals were held in abeyance and the matter was remitted to the Supreme Court, Kings County, for a de novo *Wade* hearing *(see, People v Gaddy*, 98 AD2d 729). Criminal Term (Marano, J.) has now complied.

Judgments reversed, on the law and the facts, motions granted to the extent that Kendall Russell's lineup and in-court identification testimony and Melvin Penn's lineup identification testimony are suppressed, and new trial ordered.

The facts of this matter were discussed in detail in our prior decision dated December 5, 1983. At the second *Wade* hearing, held pursuant to our order, Detective Mack Ferguson testified that complainants Kendall Russell and Melvin Penn sat together at the same table, while they examined photographs in an attempt to identify the perpetrators of the crime. The evidence, although contradictory, tended to establish that the two conferred upon their selection of photographs prior to making their identification. Criminal Term (Marano, J.), noted that this improper procedure was unduly suggestive. We agree.

We further agree with Criminal Term that the separate lineups conducted for each of the defendants were both unduly suggestive and testimony concerning complainant Penn's identifications at the lineups must be suppressed. The photograph of the lineup of defendant Gordon reveals that Gordon was the shortest participant in the lineup, that he had very short hair, and that he appeared to be the youngest of the six individuals. This was improper in view of the fact that the original description provided by the complainants consisted of little more than the fact that their assailants were very young, short, and had short hair. Although Penn testified at the hearing that he did not select Gordon because he appeared to be the shortest or the youngest, that testimony was contradicted by his prior inconsistent statement at the original *Wade* hearing in which he testified that Gordon had two distinguishing features which made it easy to identify him in the lineup: that he was short and young.

As to the lineup of defendant Gaddy, the evidence clearly established that at least two, and possibly a third, of the fillers used in that lineup also appeared as fillers in a previous lineup of a codefendant viewed by complainants a few days earlier. As such, the Gaddy lineup was unduly suggestive as Penn might have been able to rule out as many as three individuals from that lineup prior to making his identification.

Further, Russell did not have a sufficient independent basis to make an in-court identification of either defendant. Her testimony indicated that she was confused as to the identity of her assailants and at no time was she able to provide the police with a sufficient description of any of the participants in the robbery. Moreover, she did not make a positive identification at either lineup. We conclude, as did Criminal Term, that the People failed to prove, by clear and convincing evidence, that Russell had an independent recollection of the robbers which predated the suggestive identification procedures.

At the trial, Russell was permitted to make an in-court identification of both defendants. Similarly, Penn was permitted to testify concerning his lineup identification of both Gordon and Gaddy. Consequently, the judgments against defendants must be reversed and a new trial ordered. At that new trial, of the testimony in issue here, the only identification testimony which will be permitted will be an in-court identification of each defendant by Melvin Penn, as the People did meet their burden of proving that Penn had an independent recollection of the perpetrators.

In view of our determination, it is unnecessary to address the other issues raised on the appeals. Mollen, P. J., Gibbons, O'Connor and Rubin, JJ., concur.