■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LYNFORD GRANT, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Leahy, J.), rendered June 1, 1983, convicting him of manslaughter in the first degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing (Mayer, J.), of that branch of the defendant's omnibus motion which was to suppress identification evidence.

Ordered that the judgment is affirmed.

The eyewitness to a robbery and homicide was shown an array of six photographs. The defendant's photograph depicted him as wearing a ski jacket. The initial description given to the police was that the perpetrator of the crime was wearing a ski jacket. The appearance of the defendant wearing such a jacket is the only basis for his claim that the array or its display to the witness was suggestive. Contrary to the defendant's claim that only his photograph depicted a person wearing a ski jacket, the record shows that one other photograph depicted an individual wearing a ski jacket. The witness testified that he was only looking at facial features and had not noticed any ski jackets in the photographs until it was brought to his attention at the Wade hearing. The hearing court, having the photo array before it, properly determined that the photographs displayed were sufficiently similar so as not to create a substantial risk of misidentification. Therefore, the array "provided a fair and constitutionally adequate sample for the identification procedure" (People v Cicero, 119 AD2d 687, lv denied 68 NY2d 666).

In any event, the 15-year-old witness viewed the defendant on three distinct occasions during the two- or three-minute course of the robbery and shooting. On each of these three occasions, the witness had an unobstructed view of the defendant from which he was able to give the police the details of the defendant's facial appearance. The hearing court's determination that the witness had an independent source for his identification of the defendant was thus proper. Thompson, J. P., Bracken, Rubin and Eiber, JJ., concur.