■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH LAMONTAGNE, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Rotker, J.), rendered January 6, 1986, convicting him of attempted robbery in the first degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial (Gallagher, J.), after a hearing, of that branch of the defendant's omnibus motion which was to suppress certain identification testimony.

Ordered that the judgment is affirmed.

We agree with the hearing court that there is no basis for suppressing the testimony of certain witnesses concerning the identification of the defendant at a lineup. Assuming, arguendo, that the witnesses who viewed the lineup were told by a detective that a suspect had been arrested and that, since he had shaved his mustache, all of the participants in the lineup would have mustaches put on them, we find that such comments "[did] not render the ensuing lineup impermissibly suggestive" *(People v Hammond,* 131 AD2d 876, 877; *see, People v Rodriguez,* 64 NY2d 738). Moreover, an examination of a photograph of the lineup, as well as the testimony of the witnesses who viewed the lineup, indicates that the use of a false mustache on the defendant, as well as another participant in the lineup (the other four participants having natural mustaches) did not present a substantial likelihood of irreparable misidentification *(see, People v Grant,* 130 AD2d 589, *lv denied* 70 NY2d 647; *People v Scott,* 114 AD2d 915, *lv denied* 67 NY2d 765; *cf., People v Gaddy,* 115 AD2d 658; *People v Lloyd,* 108 AD2d 873, *affd* 66 NY2d 964; *People v Sapp,* 98 AD2d 784). Finally, we note that all of the participants, except one filler, were of similar age, height, build and general appearance.

In light of our determination concerning the lineup procedure, we need not reach the issue of whether there were independent bases for the witnesses' in-court identifications of the defendant. Thompson, J. P., Lawrence, Rubin and Spatt, JJ., concur.