■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES MULLEN, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Harrington, J.), rendered June 11, 1986, convicting him of robbery in the first degree (two counts) and assault in the first degree, upon a

jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

Contrary to the defendant's claim, the hearing court did not err in denying that branch of his omnibus motion which was to suppress identification testimony. The defendant failed to establish his burden of proving that the photographic array was unduly suggestive (see, People v Jackson, 108 AD2d 757). The mere fact that the defendant was the only one depicted in a photographic array with a swollen eye did not indicate that his picture "stood out from the rest" (People v Coleman, 114 AD2d 906). Moreover, the ink markings drawn on the photograph of the defendant's forehead were placed on all six of the photographs and in no way distinguish his photograph from the rest (see, Jarrett v Headley, 802 F2d 34, 43-44). These markings covered the bandage on the defendant's forehead. Thus, the bandage could not have been a factor in the witnesses' selection of the defendant's photograph.

Even if the photographic identification procedure had been suggestive it would not have tainted the subsequent lineup identification which was held approximately two months thereafter and was sufficiently attenuated in time to nullify any possible taint (see, People v Smith, 140 AD2d 647).

Viewing the evidence in the light most favorable to the prosecution (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (CPL 470.15 [5]). Resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses (see, People v Gaimari, 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (see, People v Garafolo, 44 AD2d 86, 88). Mangano, J. P., Bracken, Spatt and Harwood, JJ., concur.