■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHAWN SMITH, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Winick, J.), rendered November 12, 1986, convicting him of robbery in the second degree (two counts), upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial (Boklan, J.), after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

On the instant appeal, the defendant argues, *inter alia,* that the photographic identification procedure utilized by the police in the instant case tainted a subsequent lineup identification procedure which was itself suggestive and that there was insufficient proof of an independent source for the witnesses' in-court identifications. Accordingly, it is the defendant's position that both the lineup and in-court identifications should have been suppressed.

We disagree with the defendant's arguments.

The record indicates that the lineup procedure (1) was held more than five months after the photographic identification procedure, and was sufficiently attenuated in time from it to nullify any possible taint, and (2) was not itself suggestive *(see, People v Mullen,* 143 AD2d 849; *People v Watts,* 130 AD2d 695; *People v Ruffino,* 110 AD2d 198). The record also supports the County Court's further determination that any in-court identifications by the complainants were supported by an independent source *(People v Prochilo,* 41 NY2d 759; *People v Nurse,* 142 AD2d 738; *People v Smalls,* 115 AD2d 783).

In any event, we have reviewed the defendant's arguments with respect to the photographic identification procedure, and find that they are either unpreserved for appellate review or without merit *(People v Tutt,* 38 NY2d 1011; *People v Stuckey,* 147 AD2d 724; *People v Azzara,* 138 AD2d 495; *People v Mason,* 123 AD2d 720; *People v Dozier,* 131 AD2d 587).

We have reviewed the defendant's remaining argument, that the court abused its discretion in denying him youthful offender treatment, and find it to be without merit *(see, People v Collins,* 149 AD2d 606; *People v Hampton,* 148 AD2d 633; *People v McNeil,* 127 AD2d 854). Mangano, J. P., Bracken, Kunzeman and Harwood, JJ., concur.