■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARVIN HARRIS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Tomei, J.), rendered April 13, 1987, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

The record of the defendant's *Wade* hearing demonstrates that there were obvious differences in height and age between the defendant and the other individuals used by the police at the lineup procedure employed herein. Indeed, the hearing court repeatedly expressed misgivings regarding the validity of the lineup, noting that the other individuals were noticeably taller than the defendant and that "some * * * look much older than the defendant". Additionally, the complainant testified at the hearing that, after selecting the defendant's photograph from a "mug" book less than 10 days earlier, she received a telephone call from a detective who requested that she view a lineup and informed her that "he had some suspects" and that "there was somebody that [he] wanted her to look at". While the hearing court ultimately upheld the lineup procedure as not being unduly suggestive, the cumulative effect of the foregoing considerations leads us to conclude that the complainant's lineup identification should have been suppressed *(see generally, People v Burwell,* 26 NY2d 331; *People v Gaddy,* 115 AD2d 658). However, while testimony regarding the lineup identification was improperly received at trial, we find that the error was harmless beyond a reasonable doubt in view of the hearing court's determination, amply supported by the evidence, that the complainant had a strong independent basis for her in-court identification of the defendant based upon her observations at the time of the crime *(see, People v Adams,* 53 NY2d 241).

We have examined the defendant's remaining contentions and find them to be without merit. Mangano, P. J., Brown, Sullivan and Eiber, JJ., concur.