■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DERRICK WILLIAMS, Appellant.—Judgment of the Supreme Court, New York County (John A.K. Bradley, J.), rendered October 10, 1989, convicting defendant after a jury trial, of murder in the second degree, reckless endangerment in the first degree, grand larceny in the third degree, and criminal possession of stolen property in the third degree, and sentencing him to a term of imprisonment of 23 years to life for the murder conviction, and to lesser concurrent terms for the remaining convictions, unanimously affirmed.

After sideswiping one car, defendant led police on a high-speed chase over several blocks, sideswiping other cars and racing through a construction site causing twenty workers to

dive out of the way, before hitting the decedent and dragging him for 35 feet. Defendant kept driving, until he hit a bus, and then fled on foot, until apprehended. During the entire chase, defendant ran several red lights and stop signs, and never honked his horn or attempted to brake while speeding through the construction site. At the precinct, defendant was given *Miranda* warnings and admitted to having stolen the car.

We agree with the hearing court that although defendant was intoxicated, he was not so intoxicated as to be unable to comprehend the *Miranda* warnings that were given to him, and to knowingly and intelligently waive those rights *(People v Zito,* 123 AD2d 799; *People v Shields,* 125 AD2d 863).

Nor is there merit to defendant's contention that the evidence was insufficient as a matter of law to prove him guilty of depraved mind murder. Viewing the evidence in a light most favorable to the People *(People v Contes,* 60 NY2d 620, 621), and giving due deference to the jury's findings with respect to the risks created by defendant's conduct *(People v Licitra,* 47 NY2d 554), the People proved beyond a reasonable doubt that defendant's conduct evinced a depraved indifference to human life (Penal Law § 125.25 [2]), and no basis exists to reduce the conviction to manslaughter in the second degree *(see, People v Gomez,* 65 NY2d 9; *see generally, People v Register,* 60 NY2d 270, *cert denied* 466 US 953).

We have reviewed defendant's contention that the sentence is excessive, and find it to be without merit. Concur—Wallach, J. P., Asch, Kassal and Rubin, JJ.