■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS L. LEE, Appellant. [617 NYS2d 81] —Judgment unanimously affirmed. Memorandum: On appeal from a judgment convicting him of two counts of attempted robbery in the first degree, two counts of menacing in the second degree, and one count of criminal possession of a weapon in the fourth degree, defendant argues that the identification testimony of one of the complainants should have been suppressed because it was based upon suggestive pretrial identification procedures. Suppression was properly denied. The People met their initial burden of going forward to establish the lack of undue suggestiveness in the pretrial procedures and defendant failed to carry the ultimate burden of proving that the procedures were unduly suggestive (see, People v Chipp, 75 NY2d 327, 335, cert denied 498 US 833). Defendant contends that it was suggestive for that complainant to have been shown two photo arrays, each containing his photograph. Successive photo arrays are not per se impermissibly suggestive (see, People v Cordilione, 159 AD2d 864, 866, lv denied 76 NY2d 786; People v Sheirod, 124 AD2d 14, 18-19, lv denied 70 NY2d 656). Notably, different photographs of defendant were used in the two arrays and defendant was the only person identified from either (see, People v Cordilione, supra, at 866-867; see also, People v Malphurs, 111 AD2d 266, 268, lv denied 66 NY2d 616).

Defendant argues that the second array was suggestive because, in his photograph, he was wearing a dark wind-

breaker that was substantially similar to the jacket described by the complainant as having been worn by the robber. Although defendant is depicted wearing a dark jacket, two other men in the array are wearing dark jackets *(see, People v Landor,* 92 AD2d 625). Moreover, the jacket is not so distinctive as to single out defendant as the suspect *(cf., People v Lloyd,* 108 AD2d 873, *affd* 66 NY2d 964). Even if it were concluded that the array was suggestive, the complainant's identification of defendant from a lineup five months later was sufficiently attenuated in time to nullify any possible taint *(see, People v Cordilione, supra,* at 867; *People v Smith,* 154 AD2d 633, *lv denied* 75 NY2d 776; *People v Mullen,* 143 AD2d 849, 850, *lv denied* 73 NY2d 924).

Finally, defendant argues that the lineup was suggestive because he was the thinnest man in the lineup and the complainant had described the robber as having a thin build. "There is no requirement, however, that a defendant in a lineup be surrounded by people nearly identical in appearance" *(People v Chipp, supra,* at 336). The photograph of the lineup reveals five males similar in age, height and body type *(see, People v Moore,* 193 AD2d 627, 627-628). The lineup did not raise "a substantial likelihood that the defendant would be singled out for identification" *(People v Chipp, supra,* at 336; *see also, People v Mullen, supra; People v Grant,* 130 AD2d 589, *lv denied* 70 NY2d 647; *People v Coleman,* 114 AD2d 906). (Appeal from Judgment of Onondaga County Court, Mulroy, J.—Attempted Robbery, 1st Degree.) Present—Denman, P. J., Lawton, Wesley, Doerr and Boehm, JJ.