§§ 200, 240 and 241, defendants may assert claims against plaintiffs' employer, the County. Moreover, to the extent that the contracts purport to indemnify and hold harmless the County from its own negligence, they are void as against public policy (see, General Obligations Law § 5-322.1 [1]). Finally, the contention of the County that granting the motion will result in significant prejudice to it lacks merit because the only prejudice asserted is delay (see, Stengel v Clarence Materials Corp.; 144 AD2d 917, 918). (Appeal from Order of Supreme Court, Erie County, Glownia, J.—Amend Pleading.) Present—Green, J. P., Pine, Hayes, Callahan and Fallon, JJ.

■ STELLA SMITH, Appellant, v SENPIKE MALL COMPANY, Respondent. [671 NYS2d 395] —Order unanimously affirmed without costs. Memorandum: Defendant's motion for summary judgment was properly granted. Defendant met its initial burden, and plaintiff's bare conclusions and unsubstantiated allegations in opposition are insufficient to defeat the motion (see, Zuckerman v City of New York, 49 NY2d 557, 562). The mere presence of an employee with a mop and pail in the vicinity of the hallway where plaintiff fell is insufficient to raise a triable issue of fact whether defendant had constructive notice of the dangerous condition of the hallway (see, Lewis v Wegmans Food Mkts., 234 AD2d 994). (Appeal from Order of Supreme Court, Oneida County, Shaheen, J.—Summary Judgment.) Present—Green, J. P., Pine, Hayes, Callahan and Fallon, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARNELL TUBBS, Appellant. [671 NYS2d 396] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him of robbery in the first degree (Penal Law § 160.15 [2]), two counts of assault in the second degree (Penal Law § 120.05 [2], [6]) and grand larceny in the fourth degree (Penal Law § 155.30 [5]). Defendant argues that a showup identification procedure held at Rochester General Hospital, where the shooting victim was undergoing medical treatment, was unduly suggestive. The showup at the hospital within one hour of the shooting was justified by the necessity for prompt identification and was not unduly suggestive (see, People v Blanche, 90 NY2d 821, 822; see also, People v McBride, 190 AD2d 573, 573-574). (Appeal from Judgment of Supreme Court, Monroe County, Galloway, J.—Robbery, 1st Degree.) Present—Denman, P. J., Green, Wisner, Pigott, Jr., and Fallon, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CLIFFORD MACK, Appellant. [672 NYS2d 554] —Judgment unani-

mously affirmed. Memorandum: We reject the contention of defendant that County Court erred in denying his motion to suppress certain identification testimony on the ground that the photo array shown to the identifying witness was unduly suggestive. The fact that two of the 12 individuals whose photographs were shown to the identifying witness did not match the description of defendant does not render the photo array unduly suggestive (*see, People v Lee,* 207 AD2d 953, 954, *lv denied* 85 NY2d 864; *see generally, People v Chipp,* 75 NY2d 327, 335, *cert denied* 498 US 833). (Appeal from Judgment of Monroe County Court, Marks, J.—Robbery, 1st Degree.) Present—Denman, P. J., Green, Wisner, Pigott, Jr., and Fallon, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DONDE LINDSAY, Appellant. [672 NYS2d 577] —Judgment unanimously affirmed. Memorandum: On appeal from a judgment convicting him of criminal possession of a weapon in the third degree (Penal Law § 265.02 [4]) and criminal possession of stolen property in the fourth degree (Penal Law § 165.45 [4]), defendant contends that Supreme Court erred in denying his motion to suppress a stolen .25 caliber automatic pistol. Defendant contends that the police pursuit was unlawful because it was not supported by reasonable suspicion, and that he discarded the gun in response to unlawful police pursuit.

The motion to suppress the gun was properly denied. In approaching a group of men crouching on the sidewalk, police were exercising their common-law right to inquire, which requires only a founded suspicion that criminal activity is afoot (*see, People v Stewart*, 41 NY2d 65, 69; *People v De Bour,* 40 NY2d 210, 215). Police had a founded suspicion of criminal activity based on an anonymous phone tip regarding gambling activity at that location (*see, People v Benjamin*, 51 NY2d 267, 270; *People v Stewart, supra*, at 69). Once they observed conduct indicative of an illegal dice game (*see*, Penal Law § 240.35 [2]; *Matter of Curtis H.*, 216 AD2d 173, 174; *People v King*, 102 AD2d 710, 710-711, *affd* 65 NY2d 702; *see generally*, Penal Law § 225.30 [2]), the officers had reasonable suspicion that a crime was being committed (*see, People v Holmes*, 81 NY2d 1056, 1057-1058, citing *People v Martinez*, 80 NY2d 444, 447; *see also, People v Leung*, 68 NY2d 734, 736).

Immediately upon seeing the officers, the group dispersed. Defendant, who was carrying a small black bag away from the dice game, left the group and walked across the street through a vacant lot. "Flight, combined with other specific circumstances indicating that the suspect may be engaged in criminal activity, [provides] the predicate necessary to justify pursuit"