■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BEN E. DAVIS, Appellant. [742 NYS2d 764] —Appeal from a judgment of Erie County Court (McCarthy, J.), entered March 25, 1997, convicting defendant after a jury trial of, inter alia, attempted murder in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him after a jury trial of attempted murder in the second degree (Penal Law §§ 110.00, 125.25 [1]) and criminal possession of a weapon in the second degree (former § 265.03) and sentencing him as a second felony offender to concurrent definite terms of incarceration, the longest of which is 15 years. At trial, the People presented evidence that, on the day of the shooting, defendant attempted to purchase items from a neighborhood convenience store but lacked the money to do so. Defendant left the store after a brief exchange with the store owner, which was overheard by three children in the store. He returned a few minutes later with a gun and shot the store owner. Defendant was wearing a mask but was otherwise dressed in the same manner as during his first visit. He was

identified by the two children in the store during both visits as the same person who had previously been in the store, and those children also identified him by his voice. Another child who knew defendant by name and where he lived recognized him as he ran from the store after the gun was fired and saw him run toward his home. The child who had been in the store during the first visit but who was outside the store during the shooting recognized defendant based on his clothing and observed defendant leaving the store after the gun was fired.

Following a *Wade* hearing, County Court determined that the showup identification procedure used with three of the children was unduly suggestive. Defendant stipulated, however, to the legality of the lineup identification procedure conducted almost three months later at which all of the participating witnesses identified defendant. In addition, the court determined that each witness had an independent basis for his or her in-court identification of defendant.

By stipulating to the legality of the lineup, defendant waived his present contention that the lineup was unduly suggestive. He further contends, however, that the showup identification procedure determined by the court to be unduly suggestive tainted the lineup identifications. We reject that contention. Any taint resulting from the showup identification procedure was sufficiently attenuated by the passage of time between the two identification procedures (*see People v Lee*, 207 AD2d 953, 954, *lv denied* 85 NY2d 864; *People v Waring*, 183 AD2d 271, 275-276). In any event, as the court properly determined, each witness had an independent recollection of defendant and thus had an independent basis for his or her in-court identification of him (*see People v Ballott*, 20 NY2d 600, 606-607).

Contrary to defendant's further contention, the court properly determined that the search of the home of defendant's mother was consensual (*see People v Adams*, 53 NY2d 1, 8, *rearg denied* 54 NY2d 832, *cert denied* 454 US 854). Furthermore, the police had probable cause to arrest defendant. A witness identified defendant as the shooter and provided the police with defendant's name and address, and the description of the shooter provided by that witness matched the description of the shooter provided by other witnesses (*see generally People v Williams*, 291 AD2d 891).

We reject defendant's contention that the court, sua sponte, should have ordered a further psychiatric examination of defendant. No mental illness was discovered during a forensic examination ordered by the court at arraignment, and no application was made at trial for a further examination, nor did

it appear at trial that defendant "lack[ed] capacity to understand the proceedings against him or to assist in his own defense" (CPL 730.10 [1]; *see People v Rosebrough*, 199 AD2d 1024).

The verdict is not against the weight of the evidence. In addition to the overwhelming identification evidence, the People presented evidence that defendant's jacket tested positive for gunshot residue. Thus, it cannot be said that the jury failed to give the evidence the weight it should be accorded (*see People v Bleakley*, 69 NY2d 490, 495). The sentence is not unduly harsh or severe.

We have considered defendant's remaining contentions and conclude that they are without merit. Present—Green, J.P., Wisner, Scudder, Kehoe and Gorski, JJ.