■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL EDWARD PRINDLE, Appellant. [880 NYS2d 428]—

Appeal from a judgment of the Supreme Court, Monroe County (Joseph D. Valentino, J.), rendered November 30, 2005. The judgment convicted defendant, upon a jury verdict, of murder in the second degree, attempted grand larceny in the fourth degree and petit larceny.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him following a jury trial of, inter alia, murder in the second degree (Penal Law § 125.25 [2] [depraved indifference murder]), defendant contends that the evidence is legally insufficient to establish the depraved indifference element of that crime. We reject that contention. Pursuant to Penal Law § 125.25 (2), a person is guilty of depraved indifference murder when, "[u]nder circumstances evincing a depraved indifference to human life, he [or she] recklessly engages in conduct which creates a grave risk of death to another person, and thereby causes the death of another person." Here, the evidence presented at trial established that, while attempting to escape from the police, defendant drove a van at a high rate of speed on city streets on a weekend afternoon, often traveling in the opposing lane of traffic. We thus conclude that the evidence establishes that defendant acted

with depraved indifference, i.e., "a wanton indifference to human life or depravity of mind" (*People v Gomez*, 65 NY2d 9, 11 [1985]; *see People v Gonzalez*, 288 AD2d 321 [2001], *lv denied* 97 NY2d 754 [2002]; *People v Williams*, 184 AD2d 437 [1992], *lv denied* 80 NY2d 935 [1992]). Defendant's further contention that the evidence before the grand jury was legally insufficient with respect to the depraved indifference murder count "is not reviewable upon an appeal from an ensuing judgment of conviction based upon legally sufficient trial evidence" (CPL 210.30 [6]; *see People v Lee*, 56 AD3d 1250, 1251 [2008]).

We conclude that Supreme Court did not abuse its discretion in refusing to allow a defense witness to testify that a third person, rather than defendant, was culpable. Such testimony is generally admissible, but "before such testimony can be received there must be such proof of connection with it, such a train of facts or circumstances as tend clearly to point out [someone] besides the [defendant] as the guilty party" (*Greenfield v People*, 85 NY 75, 89 [1881]; *see People v Schulz*, 4 NY3d 521, 529 [2005]; *see generally People v Primo*, 96 NY2d 351, 356-357 [2001]). "Remote acts, disconnected and outside of the crime itself, cannot be separately proved for such a purpose" (*Greenfield*, 85 NY at 89; *see Schulz*, 4 NY3d at 529). Here, the testimony of the defense witness that the third party in question might have driven a getaway car and hit a police car in a separate incident was irrelevant and, indeed, was likely to cause " 'undue prejudice . . . and confusion' " with respect to the evidence presented to the jury (*Schulz*, 4 NY3d at 528).

Defendant further contends that the court erred in refusing to suppress an identification of defendant from a photo array because the unduly suggestive nature of two prior photo array identifications tainted the identification in question. We reject that contention. "Any taint resulting from the [two prior photo array] identification[s] . . . was sufficiently attenuated by the passage of [six months] between" the prior photo array identifications and the identification in question (*People v Davis*, 294 AD2d 872, 873 [2002]; *see People v Wallace*, 270 AD2d 823 [2000], *lv denied* 95 NY2d 806 [2000]; *People v Lee*, 207 AD2d 953 [1994], *lv denied* 85 NY2d 864 [1995]). Present—Martoche, J.P., Smith, Centra, Fahey and Pine, JJ.