◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DWAYNE HILL, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Heller, J.), rendered April 9, 1985, convicting him of robbery in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress statements and identification testimony.

Ordered that the judgment is affirmed.

A police detective investigating a robbery that occurred during a party at a private residence asked the defendant to come to the precinct to be a "filler" in a lineup. No such lineup occurred that day; rather, when the defendant arrived he was given *Miranda* warnings and made statements. The defendant contends that the detective's ruse rendered his statement involuntary but we disagree. The deception was not so "fundamentally unfair as to deny due process" *(People v Tarsia,* 50 NY2d 1, 11).

Contrary to the defendant's contention, there was no reasonable view of the evidence in this case upon which the jury could have found him guilty of petit larceny but not of robbery. Therefore, the court's refusal to submit to the jury a count of petit larceny as a lesser included offense of robbery was not error (CPL 300.50 [1]; *People v Glover,* 57 NY2d 61).

The defendant further contends that the court improperly restricted his counsel's cross-examination of certain witnesses by precluding the use of prior inconsistent statements for purposes of impeachment. The inconsistencies were, indeed, arguable, but rather than admit the evidence for whatever weight the jury might give it, the court stated to the jury that there was no inconsistency and precluded counsel from using the prior statements. This was error since "[i]n case of doubt * * * the balance should be struck in favor of admissibility" *(People v Wise,* 46 NY2d 321, 327). However, in view of the

overwhelming evidence of the defendant's guilt of robbery, there is no reasonable possibility that the erroneous rulings contributed to the defendant's conviction. The errors were, therefore, harmless beyond a reasonable doubt *(see, People v Malizia,* 62 NY2d 755, 757, *cert denied* 469 US 932).

We have considered the defendant's remaining contentions and find them to be without merit. Lawrence, J. P., Eiber, Harwood and Balletta, JJ., concur.