■ The People of the State of New York, Respondent, v Eric Moore, Appellant. [597 NYS2d 444] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Beerman, J.), rendered July 13, 1990, convicting him of robbery in the second degree and criminal mischief in the fourth degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is reversed, as a matter of discretion in the interest of justice, and a new trial is ordered. The facts have been considered and are determined to have been established.

We disagree with the defendant's contention that the lineup was unduly suggestive because he was the only person in the lineup with visible bandages. Although his arm was bandaged, it was established that he suffered the injuries necessitating those bandages after the incident in which the complainant implicated him, and there is no evidence that the complainant relied on this fact in identifying him (see, People v Mattocks, 133 AD2d 89; cf., People v Sapp, 98 AD2d 784). Examination of the lineup photograph reveals that the fillers appear to be

approximately the same age, height, weight, and build, and had similar skin tone *(see, People v Ruiz,* 162 AD2d 637; *People v Phillips,* 145 AD2d 656). Thus, the lineup was not "so unnecessarily suggestive and conducive to irreparable mistaken identification" as to deny the defendant due process *(see, Stovall v Denno,* 388 US 293, 302).

Although the evidence was legally sufficient to prove the defendant's guilt beyond a reasonable doubt *(see, People v Contes,* 60 NY2d 620), we conclude that there should be a new trial because an erroneous ruling by the court improperly restricted the defendant's right of cross-examination. It was an improvident exercise of the court's discretion to preclude the defense counsel from questioning a police officer about a prior inconsistent statement by the complainant. At the *Wade* hearing, Officer John Benson testified that, according to his notes, the complainant described her assailant as weighing 250 pounds. At the trial, the complainant described her assailant as weighing 200 pounds, and she denied ever telling a police officer that he weighed 250 pounds. By confronting the complainant with her alleged prior inconsistent statement, the defense counsel laid a proper foundation for questioning Officer Benson about that statement *(see, People v Wise,* 46 NY2d 321; Richardson, Evidence § 502 [Prince 10th ed]; *cf., People v Santano,* 187 AD2d 618; *People v Lawrence,* 179 AD2d 682). Nevertheless, the court precluded defense counsel from questioning the officer as to whether the complainant ever told him that her assailant weighed 250 pounds. The officer testified that the defendant appeared to weigh 170 to 175 pounds when he was arrested on the day of the incident. We cannot say that the exclusion of this impeachment evidence was harmless error, given the importance of the identification testimony and that the proof of the defendant's guilt was not overwhelming *(see, People v Gregg,* 90 AD2d 812; *cf., People v Hill,* 138 AD2d 629). We therefore reverse and grant the defendant a new trial.

In view of our determination, we need not reach the defendant's remaining claims of trial error. Rosenblatt, J. P., Lawrence, O'Brien and Copertino, JJ., concur.