■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v REGINALD BADY, Appellant. [608 NYS2d 679] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Goldstein, J.), rendered April 4, 1991, convicting him of robbery in the first degree, attempted robbery in the first degree, burglary in the second degree (two counts), attempted robbery in the third degree, and grand larceny in the fourth degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification evidence.

Ordered that the judgment is modified, on the law, by (1) reversing the conviction of robbery in the first degree and vacating the sentence imposed thereon, and (2) reversing the conviction of attempted robbery in the first degree, and vacating the sentence imposed thereon; as so modified, the judgment is affirmed, and the matter is remitted to the Supreme Court, Kings County, for a new trial on those charges, to be preceded by an independent source hearing on the charge of attempted robbery in the first degree. No questions of fact have been raised or considered.

We agree with the defendant's contention that the lineup procedure with respect to one of the victims in this case was unduly suggestive because he was the only lineup participant wearing a red shirt, which had figured prominently in the victim's description of the perpetrator (see, People v Owens, 74 NY2d 677, 678; People v Lloyd, 108 AD2d 873, affd 66 NY2d 964; People v Sapp, 98 AD2d 784; People v Johnson, 79 AD2d 617, 618). Additionally, because the victim did not testify at the Wade hearing, there is no basis to find an independent source for the identification of the defendant, and there must be a new trial on the charge of attempted robbery in the first degree (see, People v Burts, 78 NY2d 20, 24-25; People v Dodt, 61 NY2d 408, 417).

We also agree with the defendant's contention that the trial court erred in failing to give a charge regarding the affirmative defense to robbery in the first degree, specifically that the object displayed was not a loaded weapon capable of producing death or serious physical injury (see, People v Gilliard, 72 NY2d 877, 878). Although the defense counsel did not ask for an affirmative defense charge on this ground, his request that the court charge the lesser-included offenses of robbery in the second degree and robbery in the third degree was denied.

Consequently, we vacate the conviction of robbery in the first degree and remit the matter for a new trial on this count.

Moreover, we find that the defendant's sentence on the remaining counts was neither harsh nor excessive *(see, People v Suitte,* 90 AD2d 80). Bracken, J. P., Sullivan, Lawrence and Joy, JJ., concur.