■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE VELEZ, Appellant. [635 NYS2d 665] —Appeal by the defen-

dant from a judgment of the Supreme Court, Queens County (Robinson, J.), rendered June 24, 1993, convicting him of sodomy in the first degree (two counts), criminal possession of a weapon in the fourth degree, and endangering the welfare of a child, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

The defendant contends, *inter alia*, that the lineup identification should have been suppressed because the defendant's skin tone was lighter than the skin tone of the five other lineup participants. This contention is not preserved for appellate review since the defendant failed to raise it at the *Wade* hearing (*see*, CPL 470.05 [2]; *People v Udzinski*, 146 AD2d 245). In any event, fillers in a lineup need not be identical in physical characteristics to the defendant. They only need to be reasonably similar to the defendant in appearance (*see, People v Valdez*, 204 AD2d 369; *People v Miller*, 199 AD2d 422, 423). The tone of one's skin is only one of the factors to be considered in determining whether the fillers are reasonably similar to the defendant and differences in skin tone alone will not render a lineup unduly suggestive (*see, People v Chipp*, 75 NY2d 327, *cert denied* 498 US 833; *People v Miller, supra*, at 422-423). In any event, all of the lineup participants were of similar skin tone. In addition, the record discloses that all of the lineup participants were approximately the same age, height, and weight, and all of them had mustaches (*see, People v Moore*, 193 AD2d 627, 628; *People v Ruiz*, 162 AD2d 637, 638).

Viewing the evidence in the light most favorable to the prosecution (*see, People v Contes*, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt of sodomy in the first degree beyond a reasonable doubt (*see*, Penal Law § 130.00 [2]; § 130.50). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see*, CPL 470.15 [5]).

The trial court properly found that the complainant, who was 11 years old at the time of the trial, was competent to testify under oath (*see*, CPL 60.20 [2]; *see generally, People v Nisoff*, 36 NY2d 560, 566; *People v Maldonado*, 199 AD2d 563). The complainant's responses during voir dire indicated that he understood the difference between the truth and a lie, the importance of telling the truth, and that he could be punished if he lied in court (*see, People v Velez*, 212 AD2d 819, 820).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Rosenblatt, J. P., Copertino, Friedmann and Krausman, JJ., concur.