■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANK CINTRON, Appellant. [640 NYS2d 242] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Kay, J.), rendered December 3, 1993, convicting him of robbery in the first degree, criminal possession of a weapon in the third degree, criminal possession of stolen property in the third degree, unauthorized use of a vehicle in the third degree, and reckless endangerment in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the record supports the hearing court's conclusion that the pretrial lineup was not suggestive in any way. While the fillers used in a lineup must be sufficiently similar to the defendant so that no characteristic or visual clue would orient the viewer toward the defendant as a perpetrator of the crimes charged (*see, People v Lundquist,* 151 AD2d 505, 506), there is no requirement that a defendant

in a lineup be accompanied by individuals nearly identical in appearance (*see, People v Chipp,* 75 NY2d 327, *cert denied* 498 US 833; *People v Rotunno,* 159 AD2d 601; *People v Diaz,* 138 AD2d 728). Examination of the lineup photograph reveals that the defendant and the fillers were sufficiently similar in age, weight, build, hairstyle, facial hair, and skin tone (*see, People v Phillips,* 145 AD2d 656). The defendant's facial injuries did not render the lineup impermissibly suggestive (*see, People v Ruiz,* 162 AD2d 637; *People v Phillips, supra; People v Williams,* 118 AD2d 610).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Rosenblatt, J. P., Copertino, Altman and Friedmann, JJ., concur.