■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES TINNEN, Appellant. [657 NYS2d 73] —Appeal by the defen-

dant from a judgment of the Supreme Court, Queens County (Berke, J.), rendered November 3, 1994, convicting him of robbery in the first degree (two counts), robbery in the second degree (two counts), criminal possession of stolen property in the third degree, and unauthorized use of a vehicle in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification evidence.

Ordered that the judgment is affirmed.

We find no basis to conclude that the defendant's right to appear and testify before the Grand Jury under CPL 190.50 was violated in any way. Moreover, the defendant's original attorney followed well-reasoned and competent pretrial strategy in suggesting that it was not in the defendant's best interest to testify before the Grand Jury (see, People v Jackson, 134 AD2d 521).

Contrary to the defendant's contention, the record supports the hearing court's conclusion that the pretrial lineup was not suggestive in any way. The defendant claims that the fact that he was the only person in the lineup wearing a red T-shirt drew undue attention to him. However, it is undisputed that the red shirt did not figure prominently in the complainants' description of the defendant (cf., People v Bady, 202 AD2d 440). Moreover, there is no evidence in the record that the complainant relied on the red shirt in identifying the defendant (see, People v Moore, 193 AD2d 627).

Viewing the evidence in the light most favorable to the prosecution (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (see, CPL 470.15 [5]).

The defendant's remaining contentions are without merit. Mangano, P. J., Pizzuto, Krausman and Luciano, JJ., concur.