■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD BREITENBACH, Appellant. [687 NYS2d 437] —Appeal by the defendant from (1) a judgment of the Supreme Court, Queens County (Flug, J.), rendered June 23, 1997, convicting him of robbery in the first degree and burglary in the third degree, upon a jury verdict, and imposing sentence, and (2) an amended sentence of the same court, imposed August 11, 1997, modifying the sentence imposed on the conviction of burglary in the third degree under the third count of the indictment. The appeal from the judgment brings up for review the denial, after a hearing (Robinson, J.), of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is reversed, on the law, so much of the order denying that branch of the defendant's omnibus motion which was to suppress identification testimony is vacated, and a new trial is ordered, to be preceded by a hearing to determine the existence of an independent source for the identification testimony. Findings of fact have been considered and are determined to have been established; and it is further,

Ordered that the appeal from the amended sentence is dismissed as academic in light of our determination on the appeal from judgment.

It is well settled that unduly suggestive pretrial identification procedures violate due process and therefore may warrant the suppression from evidence of an in-court identification by a complaining witness on the trial of the guilt or innocence of an accused (*see, United States v Wade,* 388 US 218; *People v Chipp,*

75 NY2d 327, 335, *cert denied* 498 US 833). We agree with the defendant's claim on appeal that the lineup was unduly suggestive. The photograph of the lineup indicates that the defendant was the only thin, blond person seated among five other "fillers" whose dark hair color and "hefty" appearance created a significant contrast to the defendant's appearance. As the only evidence connecting the defendant to the crime was the complainant's testimony, which included her description of the lineup identification and her in-court identification of the defendant, and no evidence of an independent source for the in-court identification was presented at the *Wade* hearing, the judgment must be reversed and a new trial ordered, to be preceded by an independent source hearing (*see, People v Burts,* 78 NY2d 20; *see also, People v Matthews,* 257 AD2d 635; *People v Wong,* 223 AD2d 568).

The defendant's contention that his conviction is not supported by legally sufficient evidence is unpreserved for appellate review (*see, People v Vega,* 183 AD2d 864). In any event, viewing the evidence in the light most favorable to the prosecution (*see, People v Contes,* 60 NY2d 620), we find it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt.

The defendant's remaining contention does not require reversal. Mangano, P. J., Bracken, Krausman and Goldstein, JJ., concur.