■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TERRANCE JACKSON, Appellant. [729 NYS2d 783] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Martin, J.), rendered August 1, 1996, convicting him of robbery in the third degree, after a nonjury trial, and imposing sentence. The appeal brings up for review the denial, after a hearing (Wade, J.), of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is reversed, on the law and as a matter of discretion in the interest of justice, that branch of the defendant's omnibus motion which was to suppress identification testimony is granted, and a new trial ordered, to be preceded by an independent source hearing.

Whether there has been a de facto arrest depends upon a determination of what a reasonable person, innocent of any crime, would have thought had he or she been in the defendant's position (see, People v Hicks, 68 NY2d 234, 240; People v Yukl, 25 NY2d 585, 589, cert denied 400 US 851). Here, a de facto arrest occurred. The defendant was stopped on the street by a detective who suspected him of having committed the crime at issue six days earlier. Thus, this was not a swiftly developing situation (see, People v Hicks, supra, at 241). Furthermore, the defendant was taken in a police car to the station, his wallet was thoroughly searched for identification, and he was not informed that he would be released if he were not arrested. Instead, upon proclaiming his innocence of the crime, he was placed in a locked cell as the police awaited the arrival of the complainant at the station for a showup identification. Since the arrest was not supported by probable cause, the subsequent showup identification by the complainant should have been suppressed. Moreover, the complainant's in-court identification of the defendant should not have been admitted, since there was no pretrial independent source hearing (see, People v Riley, 70 NY2d 523). Contrary to the People's contentions, the error was not harmless (see, People v Gethers, 86 NY2d 159; People v Burts, 78 NY2d 20).

In light of our determination, we need not reach the defendant's remaining contentions. Altman, J. P., Florio, Schmidt and Cozier, JJ., concur.