■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT SAUNDERS, Appellant. [761 NYS2d 315] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Barros, J.), rendered April 14, 1998, convicting him of burglary in the first degree and menacing in the second degree (three counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Kreindler, J.), of that branch of the defendant's omnibus motion which was to suppress identification evidence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, his clothing at the lineup was not so unduly suggestive of his identity as to create a substantial likelihood of irreparable misidentification (*see People v Ortiz,* 273 AD2d 482 [2000]). It is undisputed that the defendant's clothing did not figure prominently in the complainants' description of the defendant (*see People v Tinnen,* 238 AD2d 615 [1997]; *cf. People v Carolina,* 184 AD2d 520 [1992]). In addition, the fact that the complainants independently identified the defendant in a photo array prior to viewing the lineup reveals that the complainants concentrated on the defendant's face rather than on his clothing (*see People v Rivera,* 265 AD2d 509 [1999]).

The defendant's contention that the lineup procedure was unduly suggestive because the fillers differed in height and weight is unpreserved for appellate review, since he failed to raise this specific contention at the *Wade* hearing (*see United*

*States v Wade,* 388 US 218 [1967]; CPL 470.05 [2]; *People v Velez,* 222 AD2d 625 [1995]). In any event, the photographs taken at the lineup demonstrate that the fillers sufficiently resembled the defendant. Accordingly, we decline to disturb the hearing court's determination that the lineup was fair and not unduly suggestive.

The defendant received the effective assistance of counsel at trial (*see People v Benevento,* 91 NY2d 708 [1998]; *People v Flores,* 84 NY2d 184 [1994]).

The sentence imposed was not excessive (*see People v Suitte,* 90 AD2d 80 [1982]).

The defendant's remaining contention is without merit. Ritter, J.P., S. Miller, Goldstein and H. Miller, JJ., concur.