■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ELISHA TORRES, Appellant. [765 NYS2d 650] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Rosengarten, J.), rendered November 13, 2000, convicting him of robbery in the first degree (two counts), robbery in the second degree, criminal possession of a weapon in the second degree (two counts), criminal possession of a weapon in the third degree (two counts), criminal possession of stolen property in the fifth degree (two counts), and endangering the welfare of a child, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

Contrary to the defendant's contentions, the lineup was not

unduly suggestive. The fillers were sufficiently similar to the defendant in appearance such that there was no substantial likelihood that he would be singled out for identification (*see People v Perkins,* 307 AD2d 1001 [2003]; *People v Poey,* 260 AD2d 411 [1999]). The fact that the defendant was the only one in the lineup wearing a white shirt was not so unduly suggestive of his identity as to create a substantial likelihood of irreparable misidentification because there is no evidence that the defendant's clothing figured prominently in the complainant's description of the perpetrator (*see People v Saunders,* 306 AD2d 502 [2003]; *People v Tinnen,* 238 AD2d 615 [1997]).

The sentence imposed was not excessive (*see People v Suitte,* 90 AD2d 80, 83 [1982]).

The defendant's remaining contention is without merit. Smith, J.P., Townes, Cozier and Mastro, JJ., concur.