THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHILOH HYLTON, Appellant. [767 NYS2d 825]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (J. Goldberg, J.), rendered October 17, 2000, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Firetog, J.), of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

The defendant's contention that the lineup was unduly suggestive because the fillers differed in age, skin tone, and facial hair is partially unpreserved for appellate review (*see* CPL 470.05 [2]) and in any event, is without merit (*see People v Brabham,* 271 AD2d 692 [2000]; *People v Cintron,* 226 AD2d 390 [1996]). However, in view of the fact that the defendant was

the only person in the lineup wearing the beige color which had figured prominently in the witness' description of one of the perpetrators, the lineup was unduly suggestive (*see People v Bady,* 202 AD2d 440 [1994]; *People v Lloyd,* 108 AD2d 873 [1985], *affd* 66 NY2d 964 [1985]; *People v Sapp,* 98 AD2d 784 [1983]; *cf. People v Tinnen,* 238 AD2d 615 [1997]). Reversal is not mandated, however, because the suggestive procedure did not create a substantial likelihood of misidentification. The witness who identified the defendant at the lineup had identified the defendant at a prior photographic array and also had the opportunity to view the defendant before, during, and after the shooting (*see People v Lizardi,* 166 AD2d 672 [1990]; *People v Darnell,* 146 AD2d 583 [1989]; *People v Lloyd, supra; People v Adams,* 115 AD2d 542 [1985]).

The defendant's challenge to the legal sufficiency of the evidence is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Gray,* 86 NY2d 10 [1995]; *People v Udzinski,* 146 AD2d 245 [1989]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see* CPL 470.15 [5]).

The trial court's marshaling of the evidence did not deprive the defendant of his right to a fair trial (*see People v Culhane,* 45 NY2d 757 [1978], *cert denied* 439 US 1047 [1978]).

The defendant's remaining contentions, including those raised in his supplemental pro se brief, either are unpreserved for appellate review or without merit. Smith, J.P., McGinity, Luciano and Townes, JJ., concur.