■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BLADIMIL ARROYO, Appellant. [832 NYS2d 278]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Reichbach, J.), rendered March 25, 2003, convicting him of murder in the second degree, attempted robbery in the first degree (two counts), and assault in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Marrus, J.), of that branch of the defendant's omnibus motion which was to suppress lineup identification evidence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, any error by defense counsel at the *Huntley* hearing (*see People v Huntley,* 15 NY2d 72 [1965]) in waiving arguments regarding the voluntariness of the defendant's statements to the police, was not so "egregious and prejudicial" as to render counsel's performance ineffective, thereby compromising the defendant's right to a fair trial (*People v Caban,* 5 NY3d 143, 152 [2005]; *see People v Hobot,* 84 NY2d 1021, 1022 [1995]). No prejudice resulted since there was

overwhelming evidence of the defendant's guilt (*see People v Crimmins,* 36 NY2d 230, 241-242 [1975]; *People v Celleri,* 29 AD3d 707, 708 [2006]).

The hearing court properly declined to suppress the lineup identification evidence (*see People v Chipp,* 75 NY2d 327, 336 [1990], *cert denied* 498 US 833 [1990]; *People v Green,* 14 AD3d 578 [2005]). While lineup participants should share the same general physical characteristics, there is no requirement that a suspect in a lineup be surrounded by persons who are nearly identical in appearance (*see People v Chipp, supra; People v Green, supra*). Here, the minor differences in the fill-ins' skin tones and clothing was insufficient to render the lineup unduly suggestive (*see People v Chipp, supra; People v Torres,* 309 AD2d 823 [2003]; *People v Saunders,* 306 AD2d 502 [2003]; *People v Miller,* 199 AD2d 422 [1993]).

The defendant's contention that the sentencing court improperly imposed a sentence based on crimes of which he was acquitted is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Rambali,* 27 AD3d 582 [2006]; *People v Morgan,* 27 AD3d 579 [2006]). In any event, this contention is without merit (*see People v Morgan, supra*). Mastro, J.P., Krausman, Florio and Balkin, JJ., concur.