■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANTZY JEAN-BAPTISTE, Appellant. [868 NYS2d 724]—

The defendant's challenge to the legal sufficiency of the evidence supporting his convictions of robbery in the first degree and robbery in the second degree is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Finger*, 95 NY2d 894, 895 [2000]; *People v Gray*, 86 NY2d 10, 19-21 [1995]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. In fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The hearing court properly declined to suppress lineup identification evidence (*see People v Chipp*, 75 NY2d 327, 336 [1990], *cert denied* 498 US 833 [1990]). "While the fillers used in a lineup must be sufficiently similar to the defendant so that no characteristic or visual clue would orient the viewer toward the defendant as a perpetrator of the crimes charged (*see People v Lundquist*, 151 AD2d 505, 506), there is no requirement that a defendant in a lineup be accompanied by individuals nearly

identical in appearance" (*People v Cintron,* 226 AD2d 390, 390-391 [1996]). The fact that the defendant was the only one in the lineup wearing a blue striped shirt was not so unduly suggestive of his identity as to create a substantial likelihood of irreparable misidentification because there is no evidence that his clothing figured prominently in the witness' description of the perpetrator (*see People v Jordan,* 44 AD3d 875, 876 [2007]; *People v Torres,* 309 AD2d 823, 824 [2003]). Moreover, the defendant's physical characteristics were sufficiently similar to the other participants in the lineup as to negate any likelihood that the defendant would be singled out for identification (*see People v Jackson,* 98 NY2d 555, 559 [2002]; *People v Arroyo,* 38 AD3d 792, 793 [2007]; *People v Davis,* 27 AD3d 761 [2006]; *People v Peterkin,* 27 AD3d 666, 667 [2006]; *People v Gelzer,* 224 AD2d 443 [1996]).

The sentence imposed was not excessive (*see People v Suitte,* 90 AD2d 80, 85-86 [1982]). Spolzino, J.P., Covello, Angiolillo and Chambers, JJ., concur.