■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAVIER HORTIZ, Appellant. [874 NYS2d 554]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (McGann, J.), rendered March 29, 2006,

convicting him of attempted burglary in the second degree, criminal mischief in the fourth degree, and possession of burglar's tools, after a nonjury trial, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the Supreme Court providently exercised its discretion in refusing to appoint new counsel. Even assuming that the court initially failed to make the "minimal inquiry" mandated by *People v Sides* (75 NY2d 822, 825 [1990]), the court remedied this problem through later exchanges with the defendant (*see People v Nelson*, 7 NY3d 883 [2006]). Under the circumstances presented here, the defendant's claim, raised on the eve of trial, that his discussions with his attorney were too infrequent, did not signal an "irreconcilable conflict" warranting the appointment of new counsel (*People v Sides*, 75 NY2d at 824; *see People v Maldonado*, 178 AD2d 554 [1991]; *see also People v Pless*, 257 AD2d 490 [1999]). Moreover, upon hearing the defendant's complaint in this regard, the court informed the defendant that he would be provided additional opportunities to meet with counsel in order to alleviate his concerns, and the defendant expressed satisfaction with this solution.

The defendant contends that certain documents indicating that DNA recovered at the crime scene matched his DNA profile were admitted into evidence in violation of his constitutional right to confront witnesses against him (*see Crawford v Washington*, 541 US 36, 68 [2004]). Assuming that the court, for this reason, erred in admitting specified documents into evidence, such error was harmless beyond a reasonable doubt (*see People v Rawlins*, 10 NY3d 136, 160 [2008]; *see generally People v Crimmins*, 36 NY2d 230, 237 [1975]). Kyra Keblish, a criminalist employed by the New York City Office of the Chief Medical Examiner, testified at trial that the DNA profile obtained from the crime scene evidence matched the defendant's DNA profile. The People relied on Keblish's testimony to·prove the match, and any evidence that the same match had otherwise been identified was cumulative, and, in context, insignificant (*see People v Rawlins*, 10 NY3d at 160). Moreover, the complainant had several opportunities to view the defendant during the commission of the attempted burglary and identified him at trial. Mastro, J.P., Balkin, Dickerson and Belen, JJ., concur.