■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANZ MULLINGS, Appellant. [930 NYS2d 279]—

The defendant's contention that a lineup identification was unduly suggestive due to the discrepancy between his age and the ages of the other individuals in the lineup is unpreserved for appellate review (*see People v Saunders*, 306 AD2d 502, 502-503 [2003]; *People v Velez*, 222 AD2d 625, 626 [1995]). In any event, "[t]he photographs taken of the lineup reflect that the age disparities between the defendant and the fillers were not so apparent as to orient the viewer toward the defendant as a perpetrator of the crimes charged" (*People v Alonge*, 74 AD3d 1354, 1355 [2010] [internal quotation marks omitted]; *see People v Brown*, 47 AD3d 826, 827 [2008]; *People v Peterkin*, 27 AD3d 666, 667 [2006]; *People v Pinckney*, 220 AD2d 539, 539 [1995], *cert denied sub nom. Pinckney v Stinson*, 525 US 841 [1998]). Accordingly, the hearing court properly declined to suppress this identification evidence.

The defendant also contends that various comments made by the prosecutor during her summation were improper and

deprived him of a fair trial. The defendant's challenge to the prosecutor's comment during summation concerning the primary motivation of gang members is preserved for appellate review, but the defendant's arguments concerning the remainder of the prosecutor's remarks on summation were not preserved for appellate review, since "the defendant did not object to the remarks at issue or made only general objections . . . and his motion for a mistrial after the completion of summations was untimely and failed to preserve his contention[s]" (*People v Paul*, 82 AD3d 1267, 1268 [2011]; *see People v Romero*, 7 NY3d 911, 912 [2006]; *People v McHarris*, 297 AD2d 824, 825 [2002]). In any event, all of the challenged remarks constituted either fair comment upon the evidence presented or fair response to the defense summation (*see People v Halm*, 81 NY2d 819, 821 [1993]; *People v Ashwal*, 39 NY2d 105, 109-110 [1976]; *People v McHarris*, 297 AD2d at 825; *People v Evans*, 291 AD2d 569 [2002]).

Moreover, the trial court did not improvidently exercise its discretion in denying the defendant's request for a mistrial (*see* CPL 310.60 [1] [a]; *People v Coleman*, 64 AD3d 787, 788 [2009]; *People v Love*, 307 AD2d 528, 530-531 [2003]), and in declining to give an *Allen* charge (*see Allen v United States*, 164 US 492 [1896]; *People v Clemente*, 84 AD3d 829 [2011], *lv denied* 17 NY3d 793 [2011]; *People v Love*, 307 AD2d at 531). The defendant's contention that the trial court's supplemental instructions were coercive is unpreserved for appellate review (*see People v Hyland*, 45 AD3d 781, 781 [2007]; *People v Ali*, 301 AD2d 609, 609 [2003]) and, in any event, is without merit (*see People v Dacus*, 215 AD2d 578, 578 [1995]; *People v Velez*, 150 AD2d 514, 515 [1989]; *see also People v Perdomo*, 204 AD2d 358, 358 [1994]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80, 85-86 [1982]).

The defendant's remaining contentions are unpreserved for appellate review and, in any event, are without merit. Rivera, J.P., Balkin, Hall and Cohen, JJ., concur.