■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL SPENCE, Appellant. [938 NYS2d 622]—

Contrary to the defendant's contention, the pretrial lineup identification was not unduly suggestive (*see People v Chipp,* 75 NY2d 327, 336 [1990], *cert denied* 498 US 833 [1990]). The photographs taken of the lineup reflect that the slight differences in skin tone between the defendant and the fillers were not so apparent as to orient the viewer toward the defendant as the perpetrator of the crimes charged (*id.; see People v Alonge,* 74 AD3d 1354 [2010]). "Skin tone is only one of the factors to be considered in deciding 'reasonable similarity,' and differences in skin tone alone will not render a lineup unduly suggestive" (*People v Villacreses,* 12 AD3d 624, 625 [2004], quoting *People v Miller,* 199 AD2d 422, 423 [1993]; *see People v Pointer,* 253 AD2d 500 [1998]). Additionally, we do not find that the presence of a small tattoo on the side of the defendant's face rendered the lineup unduly suggestive (*see People v Chipp,* 75 NY2d at 336; *cf. People v Jiminez,* 22 AD3d 423 [2005]).

However, we find that improper remarks by the prosecutor during summation deprived the defendant of a fair trial. The prosecutor improperly vouched for a witness and implied that the witness faced retribution from the defendant when he stated, over objection, that the witness testified "not knowing what the ramifications . . . would be for herself and her family." A prosecutor may not bolster the credibility of a witness by "making himself [or herself] an unsworn witness and supporting his [or her] case by his [or her] own veracity and position" (*People v Lovello,* 1 NY2d 436, 439 [1956]; *see People v Anderson,*

83 AD3d 854, 856 [2011]). Here, the defendant was prejudiced by the prosecutor's inflammatory and unsupported insinuation that the witness was more credible because she testified despite some unspecified possibility of retribution for doing so. There is no support in the record of any threats to the witness or her family and, moreover, the prosecutor's comments violated the rule that a prosecutor may not "try to convey to the jury, by insinuation, suggestion or speculation, the impression that the defendant is guilty of other crimes not in issue at the trial" (*People v Ashwal*, 39 NY2d 105, 110 [1976]).

Additionally, the prosecutor made improper remarks relating to the defendant's tattoos. The defendant introduced evidence that he has tattoos on his arms in order to undermine the credibility of a witness who testified that she saw him at the crime scene holding a gun and wearing a t-shirt, but could not remember whether the man she saw had tattoos on his arms. The tattoos, which depicted, among other things, a smoking gun, bullets, and the words "gangster life," may have posed some self-created prejudice to the defendant in and of themselves, a risk the defendant had to bear by putting them in evidence. However, the prosecutor's summation crossed the bounds of permissible rhetoric. Specifically, it was improper for the prosecutor to, in completing his analogy that if it "walks like a duck" and "looks like a duck," then "it's a duck," argue that the violent nature of the defendant's tattoos established his identity as the person seen in possession of the gun. Since there was no evidence from any eyewitness that the person seen at the crime scene had tattoos, the only possible purpose of these comments would have been to improperly argue that it was more likely that the defendant had committed the crime because of his bad character, which the prosecutor constructed for the jury from the violent nature of the defendant's tattoos (*see People v Ciervo*, 123 AD2d 393, 396 [1986]; *see also People v Bodden*, 82 AD3d 781, 784 [2011]).

Under the circumstances of this case, since it cannot be said that there is no significant probability that the verdict would have been different absent the cumulative, prejudicial effect of these errors, we cannot deem them harmless (*see People v Crimmins*, 36 NY2d 230, 241-242 [1975]; *People v Anderson*, 83 AD3d at 857).

The defendant's remaining contentions are academic. Dillon, J.P., Florio, Chambers and Lott, JJ., concur.