*736 Appeal by the defendant from a judgment of the Supreme Court, Queens County (Latella, J.), rendered May 9, 2011, convicting him of robbery in the first degree and robbery in the second degree (two counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Paynter, J.), of that branch of the defendant’s omnibus motion which was to suppress identification testimony.
Ordered that the judgment is reversed, on the law, that branch of the defendant’s omnibus motion which was to suppress identification testimony is granted, and a new trial is ordered, to be preceded by a hearing to determine whether an independent source for the identifications exists.
“[Ujnduly suggestive pretrial identification procedures violate due process and therefore are not admissible to determine the guilt or innocence of an accused” (People v Chipp, 75 NY2d 327, 335 [1990], cert denied 498 US 833 [1990]). When a defendant challenges an identification procedure as unduly suggestive, the People have the “initial burden of going forward to establish the reasonableness of the police conduct and the lack of any undue suggestiveness. Once the People satisfy this duty, the defendant has the ultimate burden of proving that the identification procedure was unduly suggestive” (People v Delamota, 18 NY3d 107, 118 [2011] [internal quotation marks and citation omitted]).
The People’s failure to preserve the original printout of a photographic array gives rise to a presumption of suggestiveness. However, by presenting sufficient evidence of nonsuggestiveness, such as by reconstructing the photo array from related materials (see People v Georgison, 299 AD2d 176 [2002]), the People can overcome that presumption (see People v Bridges, 63 AD3d 752, 753 [2009]).
Here, the People failed to rebut the presumption of suggestiveness that arose from their failure to preserve the photo array. At the suppression hearing, a detective testified that he did not memorialize and could not recall the specific information that he entered into the photo manager system which generated the photographic array, did not memorialize and could not recall how many photographs the complainant viewed, and did not memorialize and could not recall for how long the complainant was viewing photographs. Therefore, the evidence presented did not overcome the presumption that the array was suggestive (see People v Redding, 65 AD3d 1059 [2009]; People v Lewis, 20 Misc 3d 1136[A], 2008 NY Slip Op 51747[U] [Sup Ct, Kings County 2008]; cf. People v Jones, 43 AD3d 1296, 1298 [2007]; *737 People v Burgos, 204 AD2d 344, 345 [1994]; People v Stokes, 139 AD2d 785 [1988]).
We need not address whether the subsequent lineup at which the defendant was identified was sufficiently attenuated in time from the prior photographic identification procedure to nullify any possible taint resulting from the photographic array, because the lineup procedure was also unduly suggestive. While “[t]here is. . .no requirement that a defendant in a lineup be surrounded by individuals nearly identical in appearance” (People v Brown, 89 AD3d 1032, 1033 [2011], citing People v Chipp, 75 NY2d at 336), the other individuals in the lineup should sufficiently resemble the defendant so that there is no substantial likelihood that the defendant would be singled out for identification (see People v Jean-Baptiste, 57 AD3d 566 [2008]; People v Valdez, 204 AD2d 369 [1994]).
Here, according to the evidence presented at the hearing, the complainant gave a description of the perpetrator which included the physical characteristics of dark skin, age in the mid-20s, height of approximately five feet eight inches, and weight of approximately 160 pounds. Upon our examination of the photographs of the lineup, it is apparent that the defendant was the only person that could have been in his mid-20s. In addition, the only “filler” who appeared somewhat similar in height and weight to the defendant was significantly older and had a lighter skin tone than the defendant. The remaining fillers, who were all much older than the defendant, were also much taller and much heavier than the defendant. These circumstances created a significant contrast to the defendant’s appearance, making identification by suggestion highly likely (see People v Breitenbach, 260 AD2d 389, 390 [1999]; People v Harris, 172 AD2d 560 [1991], affd 80 NY2d 796 [1992]; People v Gaddy, 115 AD2d 658, 659 [1985]; People v Lebron, 46 AD2d 776, 777-778 [1974]; cf. People v Hernandez, 164 AD2d 920, 921 [1990]; People v Rodriquez, 137 AD2d 847, 848 [1988]; People v Scott, 114 AD2d 915 [1985]).
Indeed, with respect to the suggestiveness of the lineup, the hearing court observed that many of the fillers may be “way” older than the defendant. The hearing court ultimately upheld the lineup procedure as not unduly suggestive, stating that whether the fillers were “way” older than the defendant is “apparent to the eye but whether they are older or not that is a suggestive thing.” However, the reason there was no evidence at the hearing as to the actual age of the fillers was because the detective did not record any of the fillers’ pedigree information, such as age or height. Contrary to the hearing court’s state *738 ment, it is the appearance of the fillers in comparison to the defendant which causes the lineup to be unduly suggestive under the circumstances of this case (see People v Breitenbach, 260 AD2d at 390; People v Harris, 172 AD2d 560 [1991]; People v Gaddy, 115 AD2d at 659; People v Lebron, 46 AD2d at 777-778; cf. People v Hernandez, 164 AD2d at 921; People v Rodriquez, 137 AD2d at 848; People v Scott, 114 AD2d 915 [1985]).
As the only evidence connecting the defendant to the crime was the complainant’s testimony, which included his description of the lineup identification and his in-court identification of the defendant, and no evidence of an independent source for the in-court identification was presented at the hearing, the judgment must be reversed and a new trial ordered, to be preceded by an independent source hearing (see People v Breitenbach, 260 AD2d at 390).
The defendant’s remaining contentions either are without merit or need not be reached in light of our determination. Rivera, J.R, Dillon, Chambers and Hinds-Radix, JJ., concur.