■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWARD PRIDE, Appellant. [11 NYS3d 634]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Marrus, J.), rendered September 4, 2012, convicting him of robbery in the first degree (two counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Mangano, Jr., J.), of that branch of the defendant's omnibus motion which was to suppress in-court identification evidence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered, to be preceded by a hearing to determine whether an independent source for the identification exists.

The defendant's conviction arises out of two bank robberies that occurred at the same bank 13 days apart. Following a suppression hearing, the Supreme Court granted that branch of the defendant's omnibus motion which was to suppress a lineup identification made by a bank teller on the ground that the lineup procedure was unduly suggestive. The court also ruled that the bank teller, who had not testified at the hearing, would be permitted to make an in-court identification of the defendant, finding that an independent source for her identification of the defendant existed. At the trial, the bank teller identified the defendant as the bank robber.

The defendant's contention that the evidence was legally insufficient to establish his identity as the perpetrator is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Hawkins*, 11 NY3d 484, 492 [2008]; *People v Pitre*, 108 AD3d 643, 643 [2013]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's identity as the perpetrator of the subject crimes beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342, 348-349 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]).

Upon reviewing the record, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

Contrary to the People's assertion, the defendant's challenge to the hearing court's determination that the bank teller would be permitted to make an in-court identification of the defendant is preserved for appellate review (*see People v Feingold*, 7 NY3d 288, 290 [2006]; *People v Lewis*, 5 NY3d 546, 551 [2005]; *People v Mezon*, 80 NY2d 155, 161 [1992]). Moreover, the court's ruling was erroneous. "When an eyewitness does not testify at a suppression hearing involving identification, the trial court lacks the basis to make a finding as to whether an independent source exists for an in-court identification untainted by a prior suggestive viewing" (*People v Riley*, 70 NY3d 523, 531-532 [1987]; *see People v Burnice*, 113 AD3d 1115, 1115 [2014]; *People v Jackson*, 286 AD2d 688, 688 [2001]; *People v Bady*, 202 AD2d 440, 440 [1994]). Here, in view of the fact that the witness did not testify at the suppression hearing, there was no basis for finding an independent source. Contrary to the People's contention, the erroneous admission of the in-court identification was not harmless (*see People v Gethers*, 86 NY2d 159, 163 [1995]). Accordingly, the judgment must be reversed and a new trial ordered, to be preceded by an independent source hearing (*see People v Gethers*, 86 NY2d at 163; *People v Dobbins*, 112 AD3d 735, 738 [2013]; *People v Breitenbach*, 260 AD2d 389, 390 [1999]; *People v Wong*, 223 AD2d 568, 569 [1996]).

In light of our determination, we need not reach the defendant's remaining contentions. Rivera, J.P., Cohen, Hinds-Radix and Barros, JJ., concur.