■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANDREW SMART, Appellant. [36 NYS3d 197]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Chun, J.), rendered November 7, 2012, convicting him of murder in the first degree (two counts), attempted murder in the second degree, and criminal possession of a weapon in the second degree (two counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

We reject the defendant's contention that he was deprived of the right to counsel by the trial court's denial of his motion for the substitution of new counsel, since the defendant failed to make the requisite specific factual allegations of " 'serious complaints about counsel' " (*People v Porto*, 16 NY3d 93, 100 [2010], quoting *People v Medina*, 44 NY2d 199, 207 [1978]; *see People v Ward*, 121 AD3d 1026, 1027 [2014]). In any event, the trial court made a sufficient inquiry into the defendant's criticisms of assigned counsel, and thereupon provided a satisfactory solution to address his concerns (*see People v Ward*, 121 AD3d at 1027; *People v Hortiz*, 60 AD3d 692, 693 [2009]).

Contrary to the defendant's contention, the hearing court properly denied that branch of his omnibus motion which was to suppress lineup identification evidence (*see People v Jackson*, 98 NY2d 555, 558 [2002]; *People v Chipp*, 75 NY2d 327, 335 [1990]). A review of the photograph that was taken at the lineup reveals that the lineup fillers possessed physical characteristics which were reasonably similar to those of the defendant, and that the police took reasonable steps to conceal any differences between the appearances of the lineup fillers and the defendant (*see People v Chipp*, 75 NY2d at 335; *People v Reaves*, 112 AD3d 746, 747 [2013]; *People v Villacreses*, 12 AD3d 624, 625 [2004]; *People v Walker*, 215 AD2d 606, 606 [1995]; *People v Moore*, 193 AD2d 627, 627 [1993]). The defendant's contention that he was singled out by virtue of a tattoo on his neck and the color of his shirt is without merit, as there was no evidence adduced at the *Wade* hearing (*United States v Wade*, 388 US 218 [1967]) which indicated that the witnesses relied on those features in making an identification (*see People v Spence*, 92 AD3d 905 [2012]; *People v Jean-Baptiste*, 57 AD3d 566, 567 [2008]; *People v Saunders*, 306 AD2d 502, 502 [2003]; *People v Tinnen*, 238 AD2d 615, 616 [1997]). Furthermore, the defendant's contention regarding the age of the lineup fillers lacks merit (*see People v Mattocks*, 133 AD2d 89, 90 [1987]).

Viewing the evidence in the light most favorable to the prosecution, we find that the evidence was legally sufficient to prove the defendant's guilt beyond a reasonable doubt (*see People v Contes*, 60 NY2d 620, 621 [1983]). Moreover, upon our independent review pursuant to CPL 470.15 (5), we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). Mastro, J.P., Roman and Maltese, JJ., concur.

Chambers, J., dissents, and votes to reverse the judgment, on the law, and order a new trial, to be preceded by a hearing to determine whether an independent source for the identification testimony exists, with the following memorandum: I cannot subscribe to the majority's view that the lineup identification evidence in this case was not unduly suggestive. As the evidence of the defendant's guilt was far from overwhelming, and hinged essentially on the identification testimony (*see People v Gethers*, 86 NY2d 159, 163 [1995]), I would reverse and order a new trial, to be preceded by an independent source hearing (*see People v Pride*, 129 AD3d 869, 870 [2015]).

Although defense counsel may have failed specifically to point out, during the *Wade* hearing (*United States v Wade*, 388 US 218 [1967]), the apparent difference in age between the defendant and the fillers, the issue is nonetheless preserved for appellate review because the hearing court expressly considered the age of the lineup participants in rendering its decision (*see People v Powell*, 101 AD3d 756, 757 [2012]; *People v Davis*, 69 AD3d 647, 648-649 [2010]; *but see People v Colon*, 46 AD3d 260, 262-264 [2007]).

When age is considered along with other factors, such as skin tone, height, and the presence of a distinctive tattoo on the defendant's neck (which was plainly visible when one of the witnesses asked each of the lineup participants to step close to the one-way mirror), the lineup, in my view, was unduly suggestive (*see People v Robinson*, 123 AD3d 1062 [2014]; *People v Dobbins*, 112 AD3d 735 [2013]; *People v Puckett*, 270 AD2d 364 [2000]; *People v Murphy*, 260 AD2d 505 [1999]; *People v Breitenbach*, 260 AD2d 389 [1999]).

Accordingly, I respectfully dissent.