People v Baez (2019 NY Slip Op 03611)





People v Baez


2019 NY Slip Op 03611


Decided on May 8, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 8, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JOHN M. LEVENTHAL
SYLVIA O. HINDS-RADIX
COLLEEN D. DUFFY, JJ.


2014-01524
2017-03792
 (Ind. No. 2176/12)

[*1]The People of the State of New York, respondent,
v
Jose Baez, appellant.


Paul Skip Laisure, New York, NY (Tammy E. Linn of counsel), for appellant.
John M. Ryan, Acting District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, Joseph N. Ferdenzi, and Danielle S. Fenn of counsel), for respondent.



DECISION & ORDER
Appeals by the defendant (1) from a judgment of the Supreme Court, Queens County (Charles S. Lopresto, J.), rendered December 2, 2013, convicting him of robbery in the first degree (three counts), and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence, and (2), by permission, from an order of the same court dated March 15, 2017, which denied, without a hearing, his motion to vacate the judgment pursuant to CPL 440.10. The appeal from the judgment brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.
ORDERED that the judgment and the order are affirmed.
The lineup from which the defendant was identified was not suggestive. " While the fillers used in a lineup must be sufficiently similar to the defendant so that no characteristic or visual clue would orient the viewer toward the defendant as a perpetrator of the crimes charged (see People v Lundquist, 151 AD2d 505, 506), there is no requirement that a defendant in a lineup be accompanied by individuals nearly identical in appearance'" (People v Jean-Baptiste, 57 AD3d 566, 566-567, quoting People v Cintron, 226 AD2d 390, 390-391; see People v Chipp, 75 NY2d 327,
336). Here, the fillers sufficiently resembled the defendant (see People v Fingall, 136 AD3d 622, 623; People v Speaks, 124 AD3d 689, 690, affd 28 NY3d 990). Moreover, the police took reasonable steps to conceal any differences between the appearances of the lineup participants and the defendant (see People v Bradley, 160 AD3d 760, 761) by having the men seated, with a sheet over their lap, and their numbers held in front of them. In addition, the men all wore baseball caps backwards on their heads to account for any differences in hairstyles (see People v DeJesus, 140 AD3d 788, 789; People v Brown, 47 AD3d 826, 827; People v Johnson, 306 AD2d 214, 215).
The defendant's contention that the evidence was legally insufficient to support his conviction because the prosecution failed to establish his identity as the perpetrator of the crimes is unpreserved for appellate review (see CPL 470.05[2]; People v Hawkins, 11 NY3d 484, 492; People v Hankerson, 149 AD3d 778, 778). In any event, viewing the evidence in the light most favorable to the People (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to [*2]establish his identity as the perpetrator. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342, 348-349), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
The defendant failed to preserve for appellate review his contention that the testimony of a police detective, who testified that the defendant was arrested after one of the victims viewed the lineup, and comments made by the prosecutor in her opening statement and summation, implicitly bolstered the complainant's identification of the defendant from the lineup (see People v Locenitt, 157 AD3d 905, 907; People v Bonilla, 151 AD3d 735, 736). In any event, although the testimony constituted improper bolstering and the comments were improper (see People v Holmes, 167 AD3d 1039; People v Fields, 309 AD2d 945, 945), any error in their admission was harmless, as the evidence of the defendant's guilt was overwhelming and there was no significant probability that the error contributed to the defendant's conviction (see People v Crimmins, 36 NY2d 230, 241-242).
We agree with the Supreme Court's denial of the defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction, since there is no merit to the defendant's contention that he was deprived of the effective assistance of counsel. The defendant received meaningful representation (see People v Baldi, 54 NY2d 137, 147; People v Graham, 129 AD3d 860, 861-862).
The defendant's remaining contentions are without merit.
DILLON, J.P., LEVENTHAL, HINDS-RADIX and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court