People v Palacios (2025 NY Slip Op 00114)

People v Palacios

2025 NY Slip Op 00114

Decided on January 8, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 8, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
BARRY E. WARHIT
JANICE A. TAYLOR
DONNA-MARIE E. GOLIA, JJ.

2021-00359
 (Ind. No. 973/17)

[*1]The People of the State of New York, respondent,
v
Miguel Angel Palacios, appellant.

Patricia Pazner, New York, NY (Yaniv Kot of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill, Ellen C. Abbot, and Ronald Eniclerico of counsel; McKenzie M. Franck on the brief), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (John F. Zoll, J.), rendered November 2, 2020, convicting him of arson in the second degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress his statements to law enforcement officials and identification testimony.
ORDERED that the judgment is affirmed.
The defendant was charged with arson, among other offenses, in connection with a fire set in a house in Queens. The defendant subsequently moved, inter alia, to suppress his statements to law enforcement officials and identification testimony. At the suppression hearing, a detective testified that one of the occupants of the house, who had sustained serious burns during the fire, identified the defendant by his nickname and in a photo array as one of the individuals who set the fire. The detective testified, among other things, that based on this information he activated a probable cause I-card, which informed other police officers that probable cause existed to arrest the defendant, and that the defendant was apprehended by patrol officers the following day. After the hearing, the Supreme Court, inter alia, denied those branches of the defendant's omnibus motion which were to suppress his statements to law enforcement officials and identification testimony. The defendant thereafter pleaded guilty to arson in the second degree. The defendant appeals.
The Supreme Court properly denied that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement officials. The defendant's claim that the People failed to establish that the police had probable cause to arrest him because they did not call the arresting officers as witnesses at the suppression hearing is without merit. Although the arresting officers did not testify at the hearing, "'the testimony of the detective who issued the I-card mandated the inference that [the] defendant was arrested with probable cause by another officer, based on the issuance of that I-[c]ard,' and [the] '[d]efendant offered no evidence to support his speculation [to the contrary]'" (People v Wayman, 188 AD3d 538, 539, quoting People v Rose, 178 AD3d 487, 488).
Further, contrary to the defendant's contention, the evidence adduced at the suppression hearing demonstrated that the defendant was properly administered Miranda warnings (see Miranda v Arizona, 384 US 436, 444) and, thereafter, knowingly, voluntarily, and intelligently waived his Miranda rights (see People v Molina, 188 AD3d 920, 921).
The Supreme Court also properly denied that branch of the defendant's omnibus motion which was to suppress identification testimony. "There is no requirement that the other participants in a lineup or photo array be identical in appearance to the defendant" (People v Brevard, 175 AD3d 1419, 1420; see People v Staton, 138 AD3d 1149, 1149-1150, affd 28 NY3d 1160). Here, the participants in the subject photo array were sufficiently similar in appearance to the defendant such that there was little likelihood that he would be singled out for identification based on particular characteristics (see People v Bell, 188 AD3d 904, 905). Contrary to the defendant's contention, the presence of a tattoo on the side of his neck did not render the photo array unduly suggestive (see People v Spence, 92 AD3d 905), and there was no evidence adduced at the hearing indicating that the witness relied on that feature in making an identification (see People v Smart, 142 AD3d 513, 514, affd 29 NY3d 1098).
The defendant's remaining contention is without merit.
CONNOLLY, J.P., WARHIT, TAYLOR and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court